1

2

3  O

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

11  MELVIN DUKES,                          ) Case No. CV 11-10530-CJC (DTB)
                                           )
12                         Petitioner,     )
                    vs.                    ) ORDER RE SUMMARY DISMISSAL
13                                         ) OF ACTION
    B.M. CASH, et al.,                     )
14                                         )
                                           )
15                         Respondents.    )
                                           )
16  _____

17       Petitioner, a California state prisoner currently incarcerated at California State

18  Prison in Lancaster, California ("CSP-Lancaster"), purported to file a Petition for Writ

19  of Habeas Corpus by a Person in State Custody ("Pet.") herein on December 21, 2011.

20       From the face of the Petition, it appears that petitioner's claims are not directed

21  to the legality or duration of petitioner's current confinement.  Rather, although

22  difficult to comprehend, it appears petitioner claims that he was forced into the

23  Enhanced Outpatient Program ("EOP")against his will. (Pet. at 4.) Petitioner alleges

24  respondents are putting false documents in his central file and requests to be removed

25  from EOP and back in to general population.  (Pet. at 6.)  Petitioner further alleges he

26  is denied access to the law library (Pet. at 7) and that respondents refuse to mail

27  petitioner's mail, requiring additional postage (Pet. at 8.)

28

1

1    Claims such as these which challenge the conditions, rather than the duration,

2  of petitioner's confinement may not properly be asserted in a habeas petition, or as

3  part of a habeas petition.  See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411

4  U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  Rather, such claims must

5  be asserted in a separate civil rights action.

6    The Court does have discretion to construe petitioner's habeas petition as a civil

7  rights complaint.  See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30

8  L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974).  However,

9  in this instance, the Court chooses not to exercise such discretion for the following

10  reasons:

11    First, petitioner has failed to make an adequate showing of indigency.  The

12  Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321)

13  ("PLRA") amended 28 U.S.C. § 1915 to provide, *inter alia*, that all prisoners who file

14  civil actions must pay the full amount of the filing fee, and that any prisoner seeking

15  to file a complaint in a civil action without prepayment of fees must submit a

16  completed Declaration in Support of Request to Proceed In Forma Pauperis.  In

17  addition, prisoners must submit a certified copy of their prison trust fund account

18  statement for the 6-month period immediately preceding the filing of his/her

19  complaint, obtained from the appropriate official of the prison at which the prisoner

20  is confined.  See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1).  Here, when petitioner

21  submitted his "Petition" for filing, he failed to submit a certified copy of his trust

22  account statement for the last six months.

23    Moreover, as the current action was not submitted on a civil rights complaint

24  form, certain critical information, such as the capacity in which the defendants are

25  named, is lacking.

26    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

27  States District Courts, IT THEREFORE IS ORDERED that this action be summarily

28  dismissed without prejudice.  The Clerk is directed to send petitioner a blank Central

1    District civil rights complaint form, which petitioner is encouraged to utilize should

2    he desire to pursue this action.

3         LET JUDGMENT BE ENTERED ACCORDINGLY.

4

5    DATED:     December 27, 2011

6

7                                                   _____

8                                                   CORMAC J. CARNEY
                                                    UNITED STATES DISTRICT JUDGE

9
     Presented by:
10

11

12   _____
     David T. Bristow
     United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28